SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
CHRISTOPHER KELLER  Bar No. 178491
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
  rebecca.hull@sdma.com
  christopher.keller@sdma.com

Attorneys for Defendants
Kaiser Permanente Group Long Term Disability
Plan; Kaiser Foundation Health Plan, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLANA OLIPHANT,<br><br>   Plaintiff,<br><br>   v.<br><br>KAISER PERMANENTE GROUP LONG TERM DISABILITY PLAN; KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>   Defendants. | CASE NO. C07-04801 JL<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Kaiser Permanente Group Long Term Disability Plan ("Plan") and Kaiser Foundation Health Plan, Inc. ("KFHP") respond to Plaintiff Allana Oliphant's Complaint on file herein, as follows:

1.     To the extent paragraph 1 of the Complaint consists of legal conclusions, defendants are not required to respond.  To the extent paragraph 1 could be deemed to contain factual allegations, defendants admit that this Court has jurisdiction, however to the extent plaintiff states a claim, if any, defendants deny any such arise under any insurance policy; rather, such claims arise, if at all, only under the Kaiser Permanente Long Term Disability Plan ("Plan").  Defendants admit the Plan is an employee welfare benefit plan regulated by the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et seq.*

2.  Defendants deny the allegations in Paragraph 2.

3.  To the extent that paragraph 3 of the Complaint consists of legal conclusions, defendants are not required to respond. To the extent paragraph 3 could be deemed to contain factual allegations, defendants admit that the Plain is an employee welfare benefit plan within the meaning of ERISA and that KFHP is the administrator of the Plan. Except as expressly admitted herein, the allegations of paragraph 3 are denied.

4.  To the extent paragraph 4 of the Complaint consists of legal conclusions, defendants are not required to respond. Defendants deny that plaintiff is or was a "covered beneficiary" but state that at certain relevant times plaintiff was a participant of the Plan.

5.  To the extent paragraph 5 of the Complaint consists of legal conclusions, defendants are not required to respond. Defendants deny all other allegations in paragraph 5 of the Complaint, and expressly denied that plaintiff is, or at any relevant time was, disabled under the terms of the Plan.

6.  To the extent paragraph 6 of the Complaint consists of legal conclusions, defendants are not required to respond. Defendants admit that plaintiff has not been paid benefits under the Plan, and deny all other allegations in paragraph 6 of the Complaint. Defendants further expressly deny that plaintiff is or was entitled to Plan benefits.

7.  To the extent paragraph 7 of the Complaint consists of legal conclusions, defendants are not required to respond. Defendants deny all other allegations in paragraph 7 of the Complaint, and expressly deny that plaintiff is, or at any relevant time was, entitled to benefits under the Plan.

8.  To the extent paragraph 8 of the Complaint consists of legal conclusions, defendants are not required to respond. Defendants deny all other allegations in paragraph 8 of the Complaint and expressly deny that defendants, or either of them, breached any obligation owed to plaintiff.

9.  To the extent paragraph 9 of the Complaint consists of legal conclusions, defendants are not required to respond. Defendants deny all other allegations in paragraph 9 of

the Complaint, and further and expressly deny that plaintiff is or may be entitled to the requested relief or any other form of relief, or to any remedy of any type or in any amount, with regard to any matters set forth in the Complaint.

10. Defendants incorporate by reference, as though stated fully herein, paragraphs 1 through 9, inclusive, above.

11. To the extent paragraph 11 of the Complaint consists of legal conclusions, defendants are not required to respond. Defendants deny all factual allegations in paragraph 11 of the Complaint.

12. To the extent paragraph 12 of the Complaint consists of legal conclusions, defendants are not required to respond. Defendants deny all other allegations in paragraph 12 of the Complaint, and further and expressly deny that plaintiff is or may be entitled to the requested relief or any other form of relief, or to any remedy of any type or in any amount, with regard to any matters set forth in the Complaint.

13. Defendants incorporate by reference, as though stated fully herein, paragraphs 1 through 12, inclusive, above.

14. To the extent paragraph 14 of the Complaint consists of legal conclusions, defendants are not required to respond. Defendants deny all factual allegations in paragraph 14 of the Complaint.

15. In response to plaintiff's prayer for relief, defendants expressly deny that plaintiff is or may be entitled to attorneys fees, whether under the cited statute or under any other statute or common law, or to Plan benefits, or to any other form of remedy or relief of any type or kind, or in any amount or amounts, with regard to any of the matters set forth in the Complaint. Defendants further expressly deny that there is any factual or legal basis on which any dispute between plaintiff and defendants could or should be resolved in favor of plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which attorney fees can be awarded.

### FOURTH AFFIRMATIVE DEFENSE

Each action of either of the defendants, and of the fiduciaries, delegates and agents of the Plan, with respect to the matters alleged in the Complaint, if any such action was taken, was at all times done in good faith and for proper reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff may be found to be entitled to any Plan benefits, the possibility of which defendants expressly deny, any such benefits must be limited by the terms the Plan.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that any decisions made by defendants or by other persons and entities acting on behalf of defendants were not arbitrary or capricious, but rather were reasonable in light of the evidence submitted by or on behalf of plaintiff, and in light of the complete administrative record, and were reasonably based on the facts as determined and understood by defendants and by others acting on behalf of defendants, and on the terms and conditions of the Plan and on the applicable law.

### NINTH AFFIRMATIVE DEFENSE

All of the actions of defendants, and of those persons and entities who acted on behalf of defendants with regard to matters alleged in the Complaint, if any, were permitted and/or were required by the applicable law and/or by the terms of the Plan.

### TENTH AFFIRMATIVE DEFENSE

All determinations made by defendants or by other persons and entities acting on behalf of defendants with respect to plaintiff's claims were made in the interest of all of the participants and beneficiaries of the Plan as a whole, and in accordance with the terms and conditions of the

1  Plan and of the applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

None of the claims being pursued in the Complaint is payable under the terms and conditions of the Plan, and none of the relief sought in the Complaint is consistent with the terms of the Plan.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with each and all of the terms and conditions of the Plan, and for that reason the claims attempted to be stated in the Complaint are not payable.

### THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to any payment of benefits under the Plan, which defendants deny, such benefits must be reduced and offset by any other income, benefits or set-offs as defined in the Plan, that were, are or may be payable to her.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery by plaintiff is barred in whole or in part due to her own delay or failure to disclose or provide information pertaining to the allegations in his Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff may be found by the Court to be entitled to any benefits at this time, the possibility of which defendants expressly deny, such immediate entitlement would not entitle plaintiff to unlimited future benefits given, *inter alia*, the possibility that she may recover in the future from any disabling conditions, the existence of which is denied, and due to the effect of other Plan requirements, exclusions and/or limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff had failed to set out her claims with sufficient particularity to permit defendants to raise all appropriate defenses, and defendants therefore reserve the right to add further defenses as the bases for plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, defendants pray for relief as follows:

1. That plaintiff take nothing by way of her Complaint;

2. That judgment be entered in favor of defendants and against plaintiff;

3. That defendants be awarded their costs of suit incurred in this action;

4. That defendants be awarded their attorney's fees incurred in this action under 29 U.S.C. § 1132; and

5. For such other and further relief as the Court deems just and proper.

DATED: January 2, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Rebecca A. Hull
Christopher Keller
Attorneys for Defendants
Kaiser Permanente Group Long Term Disability Plan;
Kaiser Foundation Health Plan, Inc.