1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
2 | CHRISTOPHER KELLER  Bar No.  178491
One Market Plaza
3 | Steuart Tower, 8th Floor
San Francisco, California 94105
4 | Telephone: (415) 781-7900
Facsimile: (415) 781-2635
5 |     rebecca.hull@sdma.com
    christopher.keller@sdma.com
6 |
Attorneys for Defendants
7 | Kaiser Permanente Group Long Term Disability
Plan; Kaiser Foundation Health Plan, Inc.
8 |
JULIAN M. BAUM  (CA State Bar No. 130892)
9 | THOMAS J. FUCHS (CA State Bar No. 148466)
BAUM & WEEMS
10 | 9 Tenaya Lane
Novato, California 94947
11 | Telephone:   (415) 892-3152
Facsimile:   (415) 892-3096
12 | e-mail:    jbaum@baumweems.com

13 | Attorneys for Plaintiff Allana Oliphant

14

15

16 | **UNITED STATES DISTRICT COURT**

17 | **NORTHERN DISTRICT OF CALIFORNIA**

18

19 | ALLANA OLIPHANT,              CASE NO. C07-04801 SI

20 |     Plaintiff,                      **JOINT CASE MANAGEMENT
CONFERENCE STATEMENT**
21 |     v.
                             Date:   February 1, 2008
22 | KAISER PERMANENTE GROUP LONG    Time:  2:00 P.M.
TERM DISABILITY PLAN; KAISER        Courtroom:
23 | FOUNDATION HEALTH PLAN, INC.,      Hon. Susan Illston
                           United States District Judge
24 |     Defendants.

25

26

27 |        Pursuant to the Federal Rules of Civil Procedure, Rule 26(f), the Local Rules of this

28 | Court, and this Court's Order, plaintiff Allana Oliphant ("Oliphant") and defendants Kaiser

1  Permanente Group Long Term Disability Plan ("the Plan") and Kaiser Foundation Health Plan,

2  Inc., ("Kaiser"), by and through their respective counsel, hereby submit this Joint Report.

3  **1.    Jurisdiction and Service**

4  This is an action for disability benefits and related relief under the Employee Retirement

5  Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").  The subject-matter jurisdiction of

6  this Court is not disputed, and arises under 28 U.S.C. § 1331 (federal question) and 29 U.S.C.

7  §1132(a).  There are no disputed issues regarding personal jurisdiction or venue, and all parties

8  have been served.

9  **2.    Factual and Legal Summary of Action**

10  Plaintiff Allana Oliphant seeks recovery of disability benefits from April 1, 2006, to the

11  date of judgment.  Plaintiff was a management-level employee of defendant Kaiser Foundation

12  Health Plan, Inc. ("KFHP") and a covered beneficiary under the Defendant Kaiser Permanente

13  Group Long Term Disability Plan (the "Plan").  In July, 2002, plaintiff left work due to

14  respiratory distress and asthma.

15  On or about October 17, 2002, plaintiff applied for Long Term Disability ("LTD")

16  benefits under the Plan.  On or about January 27, 2003 the claim was denied by the Plan's claim

17  administrator, Metropolitan Life Insurance Company ("MetLife").  Plaintiff appealed that

18  decision, and submitted additional medical records.  On February 27, 2003, MetLife approved

19  the claim.  Benefits were paid effective January 27, 2003, and continued through March, 2006.

20  On or about April 6, 2006, the Plan's claim administrator terminated payment of further benefits,

21  on the basis that Ms. Oliphant's medical condition no longer met the disability requirements of

22  the Plan and she was not eligible for further benefits.

23  Plaintiff appealed the termination of benefits.  After additional review and consideration,

24  MetLife denied plaintiff's appeal on or about June 7, 2007.  On September 18, 2007, plaintiff

25  filed suit in this Court for recovery of LTD benefits and related relief under ERISA.

26  **3    Legal Issues**

27  In accordance with the Court's applicable Standing Order, following is a brief statement,

28  without extended legal argument, of the disputed points of law, including reference to specific

1    statutes and decisions.

2         (a)    "Standard of Review" by this Court: Defendants contend that the Court's review

3    of plaintiff's claim is governed by the "abuse of discretion" standard of review. Plaintiff contends

4    that review of plaintiff's claim by this Court is properly governed by the "*de novo*" standard.  The

5    Ninth Circuit most recently addressed this standard and procedure earlier this month in *Saffon v.*

6    *Wells Fargo Long Term Disability Plan,* ___ F.3d ___ , 2008 WL 80704, *1 - *2 (9th Cir. 2008).

7         (b)    Plan documents: Plaintiff contends that the defendants improperly failed to

8    produce timely Plan documents and information as required by ERISA and its implementing

9    regulations.  29 C.F.R. §§ 2560.503-1(g), 2560.503-1(h) and 2560.503-1(m)(8).  Plaintiff seeks

10   imposition of statutory per diem penalties, in an amount determined by the Court in its

11   discretion, under 29 U.S.C. § 1132(c).

12        Defendants contend that plaintiff did not make a request for plan documents to the Plan's

13   administrator, and that of those documents properly requested all required documents were

14   timely produced.

15   **4.    Motions**

16        No motions are pending.

17        The parties anticipate that a motion to establish the applicable standard of review may be

18   necessary.  The parties anticipate further that a motion regarding discovery will be necessary, as

19   set forth below.  Defendants intend to file a motion for summary judgment, because they believe

20   that the matter is subject to disposition on that basis under the applicable law.

21        The parties anticipate that if the matter is not resolved by summary judgment, then this

22   case will be tried to the Court, under Rule 52 of the Federal Rules of Civil Procedure. This is the

23   procedure established in 1999 by the Ninth Circuit and employed by district courts since then.

24   *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.) (*en banc*), *cert. den.* 120 U.S. 398 (1999).

25   *See Gonzalez v. Guarantee Mut. Life*, 1999 WL 329096, at 3 (N.D. Cal. 1999)("*Kearney*

     'prescribes a 'novel form of trial' to be conducted in ERISA benefit cases."); *See also  Thompson*

26   *v. Standard Ins. Co.,* 167 F.Supp. 2d 1186, 1187 (D. Or. 2001) (under ERISA, motions for

27   judgment more appropriate, under *Kearney*, than motions for summary judgment.) *Cf. Sabbatino*

28   *v. Liberty Life Assur. Co. of Boston*, 286 F. Supp. 2d 1222, 1234 (N.D. Cal. 2003) (Wilken,

J.)(deciding cross-motions for summary judgment under Rule 56 and ordering further trial by motion for judgment under Rule 52).[1]

### 5. Amendment of Pleadings

The parties do not anticipate any amendments to the pleadings.

### 6. Evidence Preservation

The Plan represents that it has taken steps to preserve evidence relevant to the issues reasonably evident in this action as of the date when the filing of the litigation was known, and has preserved and will produce through initial disclosures the entire administrative record in this matter.

### 7. Disclosures

#### a. Plaintiff's Disclosures

Plaintiff has served her Initial Disclosures under Rule 26 of the Federal Rules of Civil Procedure.

#### b. Defendants' Disclosures

Rule 26(a)(1)(E)(i) of the Federal Rules of Civil Procedure explicitly exempts actions for review on an administrative record from initial disclosures. As an ERISA action, this matter will be resolved based upon review of the administrative record. However, in order to avoid unnecessary delay and expense, and without waiving the applicability of Fed. R. Civ. P. 26(a)(1)(E)(i) to the instant case, defendants will make initial disclosure prior to the case management conference, and will produce the complete administrative record pertaining to the disability claim that is the subject of this action, including Plan documents.

Defendants dispute the propriety of any attempt by plaintiff to supplement the administrative record by submitting documents not contained within the administrative record. Should plaintiff intend to seek the Court's permission to supplement the administrative record, defendants contend that any documents as to which plaintiff intends to seek such leave must be

---

[1] Under this procedure, unlike cross-motions for summary judgment, the Court weighs the evidence and determines disputed questions of fact. *See, e.g., Kearney*, 175 F.3d at 1095 n.6 (findings of fact subject to appellate review under the "clearly erroneous" standard of Rule 52, rather than the *de novo* review of summary judgment decisions under Rule 56).

1  disclosed simultaneously with defendants' disclosure.

2          **8.      Discovery**

3                  Neither party has taken any discovery to date.

4          **a.      Plaintiff's Contentions re Discovery**

5                  Plaintiff respectfully contends that the Ninth Circuit has put to rest any remaining doubts

6  about the necessity for limited discovery in cases where defendants seek to invoke deferential

7  judicial review under ERISA. *Saffon v. Wells Fargo Long Term Disability Plan*, ___ F.3d ___ ,

8  2008 WL 80704 (9th Cir. 2008); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 966-67 (9th

9  Cir.2006) (*en banc*)  Defendants contend that any production by them of any documents in this

10 case (the "administrative record" or otherwise) will be purely voluntary.  *See* section 7 b., above.

11                 Following defendants' voluntary production of documents, plaintiff will be able to

12 consider whether she will seek limited discovery under *Abatie* and *Saffon*.

13         **b.      Defendants' Contentions re Discovery**

14                 Defendants contend that discovery is unnecessary and inappropriate in this matter.  When,

15 as here, the Plan by its terms extends discretionary authority to a fiduciary such as the claim

16 administrator (here, MetLife), the decision in issue is reviewed for abuse of discretion on the

17 basis of the administrative record.  Because the Court's review **of the merits of the claim**

18 **decision** is confined to the administrative record, there is no basis for discovery (any matters

19 adduced in discovery, by definition, would be outside the administrative record and thus

20 irrelevant to the question before the Court).  Abuse of discretion review is limited to facts set

21 forth in the administrative record. *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1470

22 (9th Cir. 1993).

23                 No discovery would be appropriate on the subject of the claim handling process, because

24 Oliphant's own claim either was, or was not, properly decided under the Plan.  Any attempt to

25 obtain discovery into the mental processes of the persons who analyzed the claim, and any

26 attempt to obtain discovery about the claims of others, sheds no light at all on that issue, but

27 merely distracts from the issue actually presented. *See Semien v. Life Ins. Co. of North America*,

28 436 F.3d 805 (7th Cir. 2006).  In *Taft, supra*, for example, the Ninth Circuit held that

1   discretionary review of a benefit decision is limited to the evidence considered by the Plan. *Id.* at

2   1471, citing *Jones v. Laborers Health & Welfare Trust Fund*, 906 F.2d 480, 482 (9th Cir. 1990).

3   As a matter of public policy, the *Taft* court observed that permitting examination of

4   evidence outside the administrative record would open the door to the anomalous conclusion that

5   a fiduciary had abused its discretion by failing to consider evidence not before it. *Id.* at 1472.

6   The *Taft* court explained that permitting introduction of evidence outside the administrative

7   record is inconsistent with the primary goal of ERISA, which is to provide a method for workers

8   and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *Id.*

9   The Ninth Circuit affirmed its *Taft* holding in *McKenzie v. General Tel. Co.*, 41 F.3d

10   1310, 1314 (9th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995).  As in *Taft*, the Ninth Circuit

11   held that a court may not consider "new evidence," which was not part of the administrative

12   record.  The court also held that under the abuse of discretion standard, a court may review only

13   evidence which was before the fiduciary making the decision. Id. at 1316.  The Ninth Circuit in

14   *McKenzie* thus found that the trial court erred in relying on evidence never presented to the claim

15   fiduciary, which was not in the administrative record but had been submitted directly to the court.

16   Id.; *see also Alford v. DCH Found. Group Long-Term Disability Plan*, 311 F.3d 955, 959 (9th

17   Cir. 2002) (documents that were neither "presented to" nor "considered by" fiduciary in reaching

18   its decision not included in record in district court, where the review is for abuse of discretion).

19   Likewise, there is no reason for discovery merely because of a structural conflict which

20   exists due to the fact that MetLife both funded the Plan benefits (through a group policy of

21   insurance) and also made the decision being challenged here.  The administrative record will

22   show that the claim was decided consistent with MetLife's fiduciary obligation as claim

23   administrator to conduct itself in accordance with the terms of the Plan and in the interests of all

24   Plan participants as a whole.  Plaintiff received several years of Plan benefits, which were paid so

25   long as her medical condition supported eligibility for such benefits.  The medical records show,

26   however, that her functionality has increased and that she can go back to work.

27   Plaintiff's reading of *Saffon* and *Abatie* is far too broad.  *Abatie* neither discussed nor

28   approved discovery (much less extensive discovery), and *Saffon*, to the extent it can be read

1  otherwise, is specific to its facts – in particular, *Saffon* involves a situation in which the court

2  concluded that a new issue was injected into the case by an uphold letter on appeal, which the

3  claimant should have been permitted to address. *Saffon,* in fact, <u>approved</u> use of an arbitrary and

4  capricious standard, and does not state any generally applicable rule potentially relevant here.  As

5  noted above, the issue of what discovery plaintiff in this case wishes to do, and why, should be

6  addressed to the Court in briefs that fully develop the issues.

7        Should the Court determine that discovery on the issue of the alleged impact of the

8  structural conflict may be conducted, it should at most permit a limited set of interrogatories.  In

9  no event should the Court permit plaintiff to conduct broad and burdensome discovery such as

10  depositions, nor should discovery directed to the merits of the claim decision be authorized,

11  because such matters are beyond the scope of an abuse of discretion review.

12        **9.**     **Class Actions**

13        Not applicable.

14        **10.**    **Related Cases**

15        The parties are unaware of any related cases.

16        **11.**    **Relief**

17               **a.**    **Relief Sought by Plaintiff**

18        Plaintiff seeks past and future long term disability benefits and attorney's fees, as well as

19  penalties for alleged failure to provide plan documents.

20               **b.**    **Relief Sought by Defendants**

21        Defendants seeks judgment and dismissal with prejudice of this matter, and attorneys'

22  fees and costs under 29 U.S.C. § 1132 to the extent permissible under the law.

23        **12.**    **Settlement and ADR**

24        The parties agree and respectfully request that the Court refer this case to Mediation

25  under the Court's ADR program and the ADR Local Rules.

26        **13.**    **Consent to Magistrate Judge For All Purposes**

27        Defendants did not consent to the Magistrate Judge.

28  ///

**14.    Other References**

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not properly referable to the Judicial Panel on Multi-district Litigation.

**15.    Narrowing of Issues**

Defendants believe that any substantive issues will be addressed as part of cross-motions for summary judgment and subsequently those issues may be narrowed through that process.

**16.    Expedited Schedule**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

Plaintiff's proposal

Plaintiff respectfully suggests the following discovery and trial schedule:

    i.     ADR:       To be completed by May 1, 2008

    ii     Discovery:    To be completed by May 30, 2008

    iii    Trial:  Parties to file cross-motions for judgment by July 1, 2008.

Defendants' proposal

    i.     Defendants propose that all fact discovery, if any, to be completed by May 30, 2008;[2]

    ii.    Defendants propose that dispositive motions be filed by July 1, 2008;

    iii.    Defendants request that the Court waive the Final Pre-Trial Conference because:

        (a)    This will be a bench trial with no live testimony;

        (b)    The evidence at trial will be the Administrative Record; and

---

[2] For the reasons discussed above, defendants do not believe that discovery is appropriate. If plaintiff moves for leave to conduct discovery and is permitted to do so, however, Defendants agree that it should be completed not later than May 30, 2008.

              (c)     The parties' respective positions will be presented in briefs.

          iv.     Defendants propose a deadline for filing simultaneous opening summary judgment or trial briefs of July 14, 2008, and for filing reply briefs of July 28, 2008.

          v.     Defendants propose a trial date in August 2008.

**18.    Trial**

Defendants estimate that the trial of this matter will require two hours to one half day.

**19.    Disclosure of Nonparty Interested Entities or Persons**

Pursuant to Civil L.R. 3-16, plaintiff certifies that as of this date, other than the named parties, there is no such interest to report.

Pursuant to Civil L.R. 3-16, defendants certify that there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities, not already parties to the action, that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding, except for the following: Metropolitan Life Insurance Company; Kaiser Permanente Flexible Benefits Plan.

**20.    Other Matters**

The parties are unaware of any other such matters at this time.

                  Respectfully submitted,

Dated: January 25, 2008      BAUM & WEEMS

                  By: _____ /s/ Julian Baum _____
                    Julian Baum
                    Attorneys for Plaintiff Allana Oliphant

DATED: January 25, 2008     SEDGWICK, DETERT, MORAN & ARNOLD LLP

                  By: /s/ Christopher J. Keller _____
                    Rebecca A. Hull
                    Christopher Keller
                    Attorneys for Defendants